IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| EDDUARD PRINCE, | * | |
| | * | |
| Plaintiff | * | |
| | * | Civ. No.: MJM-23-2403 |
| v. | * | |
| | * | |
| THE HARBOR BANK OF BALTIMORE, | * | |
| *et al.*, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * *

## MEMORANDUM

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("the Motion"). The Motion is ripe for disposition, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Court will grant the Motion.

I.   BACKGROUND

On June 30, 2023, Edduard Prince ("Plaintiff") entered the main branch location of The Harbor Bank of Maryland ("Harbor Bank") "with the intent of opening a checking account." ECF 14, ¶ 5. He went to assistant manager Tyasia Thomas with this request. *Id.* Despite Thomas's alleged "hostile demeanor directed towards Plaintiff," he still "provided his personal information to her for the account-opening process." *Id.* ¶ 6. Thomas then entered Plaintiff's information into the bank's system, and a credit check was performed without Plaintiff's consent. *Id.* ¶ 7. The system then recommended that an account be opened for Plaintiff. *Id.* Despite this recommendation, Thomas opened a "ghost account" in Plaintiff's name and told Plaintiff that an account could not be opened. *Id.* ¶ 8. Plaintiff alleges that this transaction was part of a larger pattern where Harbor Bank "unjustly den[ied] access to financial institutions for African-

Americans and engage[d] in wrongful practices that benefit[ed] the bank unjustly." *Id.* Thomas explained that Plaintiff's account was denied because he only had $100 to deposit into the account and "customers like [him] were [financial] liabilities[.]" *Id.* ¶ 10. Plaintiff objected, noting that he had opened a checking account two weeks earlier. *Id.* ¶ 12.

Plaintiff requested his personal information back, which Thomas refused. *Id.* ¶ 13. At some point during this conversation, Thomas threatened to call the police. *Id.* Thomas then called over a woman who identified herself as Thomas's supervisor. *Id.* ¶ 14. Thomas's supervisor also refused Plaintiff's demand for his personal information to be returned and reiterated the threat to call the police if he did not leave immediately. *Id.* Plaintiff refused to leave, and Thomas's supervisor called security. *Id.* ¶ 15. A female security guard approached, put her hand on Plaintiff's shoulder, and told him to leave. *Id.* ¶ 16. When he refused again, the security guard informed him that "the police and bank supervisor were being called." *Id.* ¶¶ 16–17.

Plaintiff explained again to the bank supervisor that he would not leave without his personal information. *Id.* ¶ 18. Plaintiff began recording this conversation on his phone. *Id.* After initially denying that it contained Plaintiff's information, the bank supervisor eventually gave Plaintiff a paper document containing his personal information. *Id.* ¶ 19. Plaintiff then attempted to leave, but the bank supervisor and Thomas physically blocked him from exiting, which Plaintiff recorded on his phone. *Id.* ¶¶ 20–21. The bank supervisor eventually let Plaintiff go, and Plaintiff left Harbor Bank "visibly shaken and emotionally scared [sic] from the dramatic incident." *Id.* ¶¶ 22–23. Plaintiff alleges that discriminatory policies were created and implemented by Harbor Bank President John Lewis. *Id.* ¶ 24.

On July 10, 2023, Plaintiff, acting pro se, filed an initial Complaint against Harbor Bank and John Lewis (collectively, "Defendants") in the Circuit Court of Maryland for Baltimore City.

ECF 1-3; ECF 5.[1] On September 1, 2023, Defendants filed a Notice of Removal to the United States District Court for the District of Maryland. ECF 1. On October 16, 2023, Defendants filed an initial motion to dismiss the Complaint, which remains pending. ECF 12. On November 16, 2023, Plaintiff filed an Amended Complaint. ECF 14. On December 7, 2023, Defendants filed a Motion to Dismiss the Amended Complaint. ECF 15. Plaintiff filed a Response in Opposition, ECF 17, and Defendants filed a Reply in Support, ECF 18.

## II.     STANDARD OF REVIEW

Under Rule 8(a)(2) of Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may file amotion to dismiss a complaint for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint need not include "detailed factual allegations," but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted).

---

[1]     In their Notice of Removal, Defendants incorrectly state that Plaintiff filed his initial Complaint on August 1, 2023. ECF 1, ¶ 1.

Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 10 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (cleaned up). Pro se pleadings are construed more generously, but courts may not ignore a clear failure to allege facts setting forth a cognizable claim. *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (citations omitted).

When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III. ANALYSIS

In the three-count Amended Complaint, Plaintiff asserts claims for false imprisonment under 42 U.S.C. § 1983, violation of the Fair Credit Reporting Act, and deceptive trade practices under the Maryland Consumer Protection Act. Defendants move to dismiss the Amended Complaint in its entirety for failure to state any plausible claim for relief. The Court will address each count in turn.

#### A. False Imprisonment under 42 U.S.C. § 1983

Title 42, United States Code, Section 1983 allows a plaintiff to sue any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. To bring an action under §

1983, a plaintiff must allege that (1) a right secured by the Constitution or laws of the United States was violated, and that (2) the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 2657 (2023) (citation omitted).

The phrase "under color of state law" is an element that "is synonymous with the more familiar state-action requirement—and the analysis for each is identical." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 929 (1982)). A person acts under color of state law "only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (cleaned up).

Courts in the Fourth Circuit have held that private banks and their employees are private actors and do not act under the color of state law. *See Kotmair v. Gray*, 505 F.2d 744, 746 (4th Cir. 1974) (holding that "the bank employees acted as private citizens" and were not "subject to suit under" § 1983); *Hughes v. M&T Bank*, Civ. No. JKB-23-1993, 2023 WL 8282043, at *3 (D. Md. Nov. 30, 2023) (holding that "[t]here [were] no allegations in the Amended Complaint supporting the conclusion that any of [M&T Bank, its CEO, or its employees'] actions were fairly attributable to any state or local government").

The Amended Complaint fails to allege any violation of federal law by a person "clothed with the authority of state law." *Dodson*, 454 U.S. at 317–18. No facts alleged in the Amended Complaint suggest that any action taken by Defendants was taken under color of state law or

otherwise "fairly attributable to the State." *See Sullivan*, 526 U.S. at 57–58 (enterprises that provide private services are not state actors even when regulated by the government).

Accordingly, Plaintiff's § 1983 claim shall be dismissed.

**B. Fair Credit Reporting Act Violation**

The Fair Credit Reporting Act ("FCRA") "provides a series of requirements for handling consumer credit information in order to 'ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 802 (4th Cir. 2019) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). Plaintiff fails to allege any plausible violation of the FCRA by either Defendant. Plaintiff states in his Opposition that "Harbor Bank's actions fall within the definition of a consumer reporting agency under the [FCRA]" and notes the FCRA's goal of "protecting consumer privacy and preventing the circulation of inaccurate information by consumer reporting agencies." ECF 17-1 at 2. However, Plaintiff fails to allege in the Amended Complaint that either Defendant acted as a consumer reporting agency or reported inaccurate consumer information about Plaintiff. The FCRA permits the furnishing of a consumer report in various circumstances, including where there is "a legitimate business need for the information . . . in connection with a business transaction that is initiated by the consumer[.]" 15 U.S.C. § 1681b(a)(3)(F)(i). Here, Plaintiff initiated the transaction that resulted in the credit check. Plaintiff alleges that Thomas ran a credit check on him "without [his] knowledge or consent[,]" Am. Compl., ¶ 7, but she did so in response to his request to open a bank account, *see id.* ¶¶ 5–7. Plaintiff has not alleged or identified any other plausible FCRA violations.

Accordingly, Plaintiff's FCRA claim shall be dismissed.

### C. Maryland Consumer Protection Act Violation

Under the Maryland Consumer Protection Act ("MCPA"), "[a] person may not engage in any unfair, abusive, or deceptive trade practice, as defined in this subtitle . . . in the extension of consumer credit." Md. Code Ann., Com. L. § 13-303(4). A plaintiff bringing an action under the MCPA "must allege (1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes them actual injury." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 (D. Md. 2012); *see also Bank of Am., N.A. v. Jill. P. Mitchell Living Tr.*, 822 F. Supp. 2d, 505, 532 (D. Md. 2011) ("Consumers must prove that they relied on the misrepresentation [or deceptive practice] in question to prevail on a damages action under the MCPA."). To establish an actual injury, the injury "must be objectively identifiable . . . measured by the amount the consumer spent or lost as a result of his or her reliance on the sellers' misrepresentation." *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 143 (Md. 2007). Alternatively, "[p]hysical symptoms of mental anguish can support a MCPA claim." *Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 271 (D. Md. 2015).

When a MCPA claim sounds in fraud, "it is subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b)." *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 465 (D. Md. 2013) (citations omitted). A plaintiff alleging fraud is required to plead "with particularity the circumstances constituting fraud[,]" Fed. R. Civ. P. 9(b), which include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citation omitted); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *19 n.23 (D. Md. Aug. 8, 2011) ("Even where a plaintiff is proceeding *pro se*, the particularity requirements of Rule 9(b) apply.") (citations omitted).

Even absent the heightened pleading requirement for claims sounding in fraud, however, this Court does not find that Plaintiff has plausibly alleged a violation of the MCPA. Plaintiff may have disagreed with Harbor Bank's decision to deny him a bank account, but that dispute does not convert the bank's decision into a fraudulent act. Plaintiff does not identify any deceptive practice or misrepresentation by either defendant and does not allege that he relied on any such deceptive practice or misrepresentation in any way, let alone in a manner that resulted in an identifiable injury.

Accordingly, Plaintiff's MCPA claim shall be dismissed.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss shall be granted, and Plaintiff's Amended Complaint shall be dismissed without prejudice.

A separate Order shall follow.

DATED: 7/9/24

_____
Matthew J. Maddox
United States District Judge